## Adelaide Hardt, Plff. in Err., *v.* Matilda Reeves.

An action on the case was brought, the plaintiff filing a copy of the instrument sued on, which purported to be a bill of sale of the business conducted at a certain stand, naming the consideration to be paid on or before a specified date, "being the time allowed in which to consummate the bargain," with a schedule of the fixtures annexed. An affidavit of defense alleged that the instrument sued on was not within the affidavit of defense law; that the plaintiff is a married woman, and that the nonjoinder of her husband is a legal defense to the action; that the agreement was signed on the strength of representations that the business was prosperous and paying, that there were a certain number of regular daily customers, and that the vendor was not in debt; that the deponent was to have five days to investigate the business; that on investigation she found the representations were false, stating wherein they were false; and further, that the party who acted as her agent was in collusion with the vendor, the latter agreeing to give him all above a certain sum to make the sale; that on learning these facts the deponent refused to consummate the purchase, did not take possession, and the goods and chattels were not delivered to her but remained in the possession of the vendor. The court below entered judgment for want of a sufficient affidavit of defense, which was reversed on writ of error.

(Argued January 11, 1887. Decided January 31, 1887.)

July Term, 1886, No. 37, before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. Error to Common

Pleas No. 3 of Philadelphia County to review a judgment for plaintiff for want of a sufficient affidavit of defense in an action on the case. Reversed.

This suit was brought February 10, 1886, on the following instrument, a copy of which was filed in the case:

"Philadelphia, 1st Month, 20th, 1886.

"It is agreed between Mrs. Matilda Reeves and Mrs. A. Hardt that for the consideration of twenty dollars in hand paid, that I, Matilda Reeves, do make this a bill of sale of the business No. 412 Arch street, for the sum of eighteen hundred dollars, less the twenty dollars paid this day, making a balance of seventeen hundred and eighty dollars, to be paid on or before the twenty-fifth day of January, 1886, being the five days allowed to me, A. Hardt, to consummate the bargain. It is also further agreed that Mrs. Reeves does agree not to enter into the restaurant business within (4) squares south, north, east, west, and the following schedule is a list of the furniture in the house and the restaurant fixtures that said Mrs. A. Hardt has bargained and bought this day, to wit:"

Then follows a list of articles.

The defendant filed the following affidavit of defense:

"Deponent saith that she is advised by her counsel, and she believes the same to be correct, *viz.:* that the instrument of writing sued upon in this case, an alleged copy of which the plaintiff has filed of record, is not such an instrument of writing for the payment of money as to entitle plaintiff to judgment for want of an affidavit of defense.

"Deponent further avers that the copy filed is not a true and correct copy of the original, in that, among other material alterations and differences from the original, the word 'hundred' between the word eighteen and the word dollars, on the first page, thereof is not in the original as will appear upon the production of the original in court.

"Deponent further saith that the plaintiff, at the time of the making of the alleged contract which led up to the signing of the instrument of writing sued on, represented herself to deponent to be a widow; that since deponent has been informed by the plaintiff that she was at the time a married woman, and

her husband, Henry Reeves, was living; and deponent saith that he still is living, and that she is advised that the nonjoinder of the husband in this suit constitutes a legal defense to this action.

"Deponent further saith that the instrument of writing sued on does not fully and properly set forth the terms of the agreement entered into between herself and plaintiff, and that by reason of its vagueness, in order that her defense may be properly placed before the court, she avers that the following are the true terms of the agreement, and should have been incorporated into the said agreement, and would have been, had the same been drawn by a person skilled in the art of drafting and preparing agreements. Deponent saith that the plaintiff, immediately prior to the signing of said instrument of writing, was engaged in the business of keeping a lodging house and restaurant at No. 412 Arch street, Philadelphia, and having advertised the said business, deponent and a person by the name of Wm. P. Landsdown (one of the witnesses to the stid instrument), he accompanying deponent as her negotiating agent and friend, called upon the plaintiff to inquire respecting the sale of the said place of business. The plaintiff offered to sell the good will of the said lodging house and restaurant, together with the fixtures and household furniture therein contained, for the sum of $1,800, and she further offered to allow deponent five days to investigate the same and ascertain the truth of certain representations made by plaintiff at the time concerning said business, which representations were as follows:"

These representations are set forth in the opinion of the supreme court.

The affidavit concluded: "All of which deponent believes and expects to be able to prove on the trial of the cause."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the court made absolute and entered a judgment for plaintiff.

The assignments of error specified the action of the court in entering judgment for plaintiff, and in making absolute the plaintiff's rule.

*William Henry Peace,* for plaintiff in error.—Where an instrument, like this, is vague, and open to several interpretations, all more or less consistent with its purpose, and an averment like this is made which does not in fact contradict and alter

the instrument, courts of law will allow evidence to explain its meaning. Laird v. Campbell, 100 Pa. 164; Caley v. Philadelphia & C. County R. Co. 80 Pa. 364; Barnhart v. Riddle, 29 Pa. 92; Aldridge v. Eshleman, 46 Pa. 420; Chalfant v. Williams, 35 Pa. 212.

When a promise is made by one in consideration of a writing by another the promise may be shown by parol evidence. Shughart v. Moore, 78 Pa. 469; Powelton Coal Co. v. McShain, 75 Pa. 245; Miller v. Henderson, 10 Serg. & R. 291; Baltimore P. S. B. Co. v. Brown, 54 Pa. 77; Lippincott v. Whitman, 3 W. N. C. 313.

*S. Morris Waln,* for defendant in error.—This is an instrument in writing for the payment of money o na day certain; the time of payment is passed and the instrument sued on is therefore within the affidavit of defense law. Dewey v. Dupuy, 2 Watts & S. 553; Frank v. Maguire, 42 Pa. 77.

OPINION BY MR. CHIEF JUSTICE MERCUR:

This judgment was obtained for want of sufficient affidavit of defense.

The instrument declared on shows on its face that the plaintiff in error was to have five days allowed to her to consummate the bargain recited therein. The affidavit of defense, *inter alia,* declares that the obligation was given in consideration of the purchase of the good will of a lodging house and restaurant, together with the fixtures and household furniture therein; that the vendor stated the business was prosperous and paying; that she had, as regular customers, about 400 people daily who took their meals there; that she sold not less than 100 quarts of milk daily, and that she was not in debt.

Deponent swears she bargained on the strength of these representations, believing them to be true, and agreed to bind the bargain by paying $20 down, which she paid, and was to have five days to investigate the character and extent of the business, and if her investigations did not prove satisfactory, she should be at liberty to decline to consummate the bargain; and under this understanding and agreement she signed the writing.

Deponent further avers that on investigation she ascertained the representations made by the vendor were false as to the extent and prosperous condition of her business; that in fact only

about 150 persons took their meals, and she sold only twenty quarts of milk daily; that her business was running behind, and she was heavily indebted to her baker, butcher, poultry man, and milkman. She further swears that the goods she was to obtain do not exceed $400 in value, and the other $1,400 was wholly based on the value of the business and the good will of the establishment; she also declares that she has since ascertained that the person who acted as her friend and agent, in assisting her in the transaction of purchase, in fact acted collusively with the vendor to effect the sale, and that the latter fraudulently (with knowledge of his agency) agreed to give him all above $1,500 for assisting in making the sale. On learning the facts the deponent declined to consummate the purchase, and did not take possession, and the business, goods, and chattels were not delivered to her, but remained in possession of the vendor.

At this stage of the case, and for the purpose we are now considering these alleged facts, they must be assumed to be true. If they shall be substantially proved on the trial, it will present a case which should be submitted to a jury. It follows the judgment was improperly ordered.

Judgment reversed and a *procedendo* awarded.